UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PAUL WILLIAM PILGER, | Case No. 2:18-cv-00854-JAD-PAL |
| Plaintiff, | ORDER |
| v. | (Mot Stay Disc – ECF No. 17) |
| DONALD M. MOSLEY, et al., | |
| Defendants. | |

This matter is before the court on the parties' failure to file a proposed stipulated discovery plan and scheduling order, and Defendant Mosley's Motion to Stay (ECF No 17).

The Complaint (ECF No. 1) in this matter was filed May 11, 2018. Defendant Ariel Stern filed a Motion to Dismiss (ECF No. 8) August 1, 2018. No response to the motion was filed, and the time for filing a response has expired. Pursuant to LR 26-1, the parties were required to meet and/or confer as required by Fed. R. Civ. P. 26(f) within thirty days after the first defendant answered or otherwise appeared, and fourteen days thereafter to file a mandatory stipulated discovery plan and scheduling order. To date, the parties have not complied. The motion to stay argues both motions to dismiss are potentially dispositive, involve purely issues of law and can be decided without discovery. Counsel understands the co-Defendant Stern consents to the stay. The court has taken a "preliminary peek" at the motions to dismiss and finds discovery should be stayed until they are decided.

The motion to dismiss filed by counsel for Donald Mosley, a retired state judge, is based on absolute judicial immunity. Counsel argues the claims against Judge Mosley arose out of his routine judicial functions. The motion to dismiss filed by counsel for Stern points out that this is the fourth lawsuit filed by the plaintiff regarding the same loan and the same property following an unsuccessful foreclosure mediation. Stern seeks dismissal on the grounds the claims are barred by the statute of limitations, the *Rooker-Feldman* doctrine, claim preclusion, the attorney immunity doctrine and because he is not a state actor and may therefore not be sued for civil rights violations

1

under the Fifth and Fourteenth amendments. Judge Mosely seeks a stay of discovery (Ret.) because the pending motions to dismiss may be decided without discovery, and all parties would incur unnecessary expense in undertaking discovery if the motions to dismiss are granted.

Pilger opposes the motion to stay arguing that discovery should not be stayed while issues concerning qualified or absolute immunity are resolved. Citing *Little v. City of Seattle*, 863 F. 2d 681.685 (9th Cir 1988), he claims the Ninth Circuit has agreed "that absolute immunity does not control when there are constitutional issues at stake." However, in a footnote he acknowledges that in *Little* the Ninth Circuit upheld the trial court's decision to stay discovery while the issue of immunity was decided.

Plaintiff's claims arise out of actions taken by defendant Mosley in his official judicial capacity. The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *See Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982); *see also Miller v. Davis,* 521 F.3d 1142m 1145 (9th Cir. 2008); *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (stating "[j]udges . . . are absolutely immune from damage liability for acts performed in their official capacities").

The defense of qualified immunity is available if an official's conduct is objectively reasonable "as measured by reference to clearly established law." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A defendant is entitled to summary judgment based on the defense of qualified immunity only if, viewing the facts in the light most favorable to the plaintiff, the facts as alleged do not support a claim that the defendant violated clearly established law. *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985). This is a purely legal question. *Id*.; *see also Wood v. Ostrander*, 879 F.2d 583, 591 (9th Cir. 1989).

The qualified immunity doctrine was developed to defray the social costs of litigation against government officials. *Harlow*, 457 U.S. at 814 ("These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office."). "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery'."

*Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991)). The Supreme Court has repeatedly acknowledged the "serious and legitimate reasons" for allowing officials to avoid disruptive discovery:

The Supreme Court has squarely held that until the threshold issue of immunity is resolved, discovery should not proceed. *Harlow*, 457 U.S. at 818 ("Until this threshold immunity question is resolved, discovery should not be allowed"); *Mitchell*, 472 U.S. at 526 (qualified immunity provides "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question"). Once a defendant raises the defense, "the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998) (noting that limited discovery may sometimes be necessary before the court can resolve a summary judgment motion based on qualified immunity); *see also Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506–07 (D. Nev. 2013) (stay was warranted where plaintiff failed to allege discovery was necessary to rule on immunity issue raised in dispositive motions).

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. The Motion to Stay Discovery (ECF No. 17) is **GRANTED**.

2. The parties shall have 14 days from decision of the pending motions to dismiss to meet and confer and submit a proposed discovery plan and scheduling order in the event any of plaintiff's claims survive.

Dated this 23rd day of October 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3