# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Paul William Pilger, | Case No.: 2:18-cv-00854-JAD-PAL |
| Plaintiff | **Order Granting Defendants' Motions to Dismiss** |
| v. | [ECF Nos. 8, 11] |
| Donald M. Mosely, et al., | |
| Defendants | |

In 2011, the Honorable Donald Mosley, a retired judge of the Nevada Eighth Judicial District Court and one defendant in this suit, dismissed Plaintiff Paul Pilger's petition for judicial review against Bank of America arising out of an unsuccessful foreclosure mediation.[1] Defendant Ariel Stern is the managing partner of Akerman, LLP, the firm that represented Bank of America in that action. Pilger now sues Judge Mosley and Stern under 42 U.S.C. § 1983, claiming that they both violated his Fifth and Fourteenth Amendment due-process rights. I dismiss Pilger's claim against both defendants with prejudice because it is time barred, Stern is not a state actor, and Judge Mosely is protected by judicial immunity.

## Analysis

**A.    Stern's motion to dismiss**

    **1.    Pilger's claim against Stern is untimely.**

"Section 1983 does not contain its own statute of limitations."[2] Federal courts therefore "'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is

---

[1] *See Pilger v. Bank of Am.*, 2012 WL 425821 (Nev. Feb. 28, 2012).

[2] *Butler v. Nat. Comm. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

inconsistent with federal law.'"[3] The statute of limitations for filing a personal-injury action in Nevada is two years.[4] Under Nevada and federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."[5] Due-process violations are complete as soon as the complained-of action occurs.[6]

Pilger's claim against Stern arises out of Stern's representation of Bank of America in all of Pilger's previous lawsuits. He alleges that Stern represented in motions before the court in his previous lawsuits that Pilger's claims had already been litigated in state court, thereby denying him a "full and fair hearing" on his federal claims. Pilger attaches motions filed by Akerman, LLP on behalf of Bank of America to his complaint, alleging that these motions illustrate Stern's representations. Generally, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."[7] However, as an exception to this rule, "a court may take judicial notice of matters of public record" under Federal Rule of Evidence 201.[8] Because the motions are matters of public record, I may take judicial notice of the fact that the orders exist in ruling on the defendants' motions to dismiss.

The most recent motion that Pilger claims violated his due-process rights was filed on March 18, 2016.[9] This means that, at the latest, Pilger knew of this injury on that date. He filed

---

[3] *Id.* (quoting *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (internal quotations and quoted reference omitted)).

[4] Nev. Rev. Stat. § 11.190(4)(e).

[5] *TwoRivers v. Lewis*, 14 F.3d 987, 991 (9th Cir. 1999) (citing *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996)); *Peterson v. Bruen*, 792 P.2d 18, 20 (Nev. 1990).

[6] *Macri v. King County*, 126 F.3d 1125, 1129 (9th Cir. 1997).

[7] *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quotation omitted).

[8] *Id.* at 689 (quotation omitted).

[9] ECF No. 1 at 25.

his complaint on May 11, 2018, more than two years after the two-year limitation period for his § 1983 claim had run. Pilger argues that the date of accrual should be February 2018 because, until then, he had been trying to bring a complaint against Stern with the Nevada state bar. He contends that he did not know or have reason to know that a lawsuit would be necessary until that point because he "had hopes that the issue . . . could be, and would be, resolved" by the state bar.[10] But that is not the standard for determining when a cause of action accrues. The pertinent date is the date of the *injury*, not the date a plaintiff realizes a lawsuit is necessary. The relevant date in Pilger's claim against Stern is therefore March 18, 2016, and Pilger's complaint is untimely.

**2. Even if Pilger's claim were timely, Stern cannot be sued under § 1983 because he is not a state actor.**

To state a claim under § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived [the plaintiff] of rights secured by the Constitution or federal statutes."[11] It is well established that a private party, even a state-licensed attorney, does not act under the color of state law.[12] As a private attorney, Stern is not a state actor. Pilger attempts to characterize Stern as a state actor because he is licensed by the state bar, but "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."[13] Because Stern may not be sued under § 1983,

---

[10] ECF No. 13 at 11.

[11] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[12] *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 161 (9th Cir. 2003) (holding that an attorney in private practice is not acting under color of state law); *Price v. State of Hawai'i*, 939 F.2d 702, 707–08 (9th Cir. 1991).

[13] *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).

3

Pilger's claim fails as a matter of law and must be dismissed. And because no amendment could cure this defect, I dismiss Pilger's claim against Stern with prejudice.

**B.      Judge Mosley's motion to dismiss**

    **1.      Pilger's claim against Judge Mosley is untimely.**

Like Stern, Judge Mosley also moves to dismiss because Pilger's claim against him is untimely. Pilger's § 1983 claim against Judge Mosley is subject to the same two-year statute of limitations. Pilger alleges that Judge Mosley violated his due-process rights in his handling of Pilger's petition for review. The latest action by Judge Mosley about which Pilger complains is the order filed on March 18, 2011. Even if I were to consider the date of the Nevada Supreme Court's Order of Affirmance of Judge Mosley's order (February 8, 2012) as the date Pilger's injury accrued, his complaint against Judge Mosley is still untimely. And none of the events that happened after the Nevada Supreme Court's order that Pilger discusses in his response relate to his knowledge of his alleged due-process injury. Because his complaint was filed well beyond the two-year statute of limitations for § 1983 claims, Pilger's claim against Judge Mosley is time barred.

    **2.      Even if Pilger's claim were timely, Judge Mosley is entitled to judicial immunity.**

A judge has absolute immunity from suits seeking damages for actions performed in the judge's official capacity.[14] This immunity recognizes that appellate procedures are the appropriate method of correcting judicial error.[15] A judge may lose the immunity if the action in

---

[14] *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *Dermoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985).

[15] *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002).

question "is not judicial in nature."[16] To determine if the action is judicial in nature, I look to whether the act is "a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."[17] Judicial immunity "applies 'however erroneous the act may have been, and however injurious in its consequences it may have proceed to the plaintiff.'"[18]

In this case, Judge Mosley's actions were those normally performed by a judge: holding a hearing, making findings of fact and conclusions of law, and ruling on an issue properly before him. Pilger doesn't argue that Judge Mosley's actions were not judicial in nature and admits that appellate procedures—which he pursued—are the proper remedy for judicial error.[19] Therefore, Judge Mosley's actions are protected by judicial immunity and Pilger's claims against him should be dismissed. Because no amendment could cure this defect, I dismiss Pilger's claim with prejudice.

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motions to dismiss **[ECF Nos. 8, 11] are GRANTED.** Pilger's complaint is dismissed with prejudice and without leave to amend. The Clerk of Court is instructed to ENTER JUDGMENT ACCORDINGLY AND CLOSE THIS CASE.

Dated: February 28, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[16] *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

[17] *Ashelman*, 793 F.2d at 1075.

[18] *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985) (internal citation omitted).

[19] ECF No. 15 at 11.